## Woosley v. Woosley.

(Decided May 13, 1924.)

### Appeal from Lee Circuit Court.

1.  Divorce—Year's Separation Not Condition Precedent to Right to Divorce for Cruelty.—A year's separation is not a condition precedent to wife's right of divorce on ground of cruel and inhuman treatment, under Ky. Stats., section 2117, subsec. 2, and a chancellor is without authority to make separation condition precedent.

2.  Divorce—"Habitual" Cruel Treatment Need Not be Continuous.— To give right to divorce against husband, habitually behaving in cruel and inhuman manner for six months, under Ky. Stats., sec-

tion 2117, subsec. 2, such behavior need not be continuous, and absence of husband from home now and then during period of behavior is immaterial.

ROSE & STAMPER for appellant.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment denying appellant a divorce.

The ground of divorce was habitually behaving toward appellant by appellee for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her or to destroy permanently her peace or happiness without like fault on her part. Section 2117, subsection 2, Kentucky Statutes. The parties were married in 1912 and continued to live together in Lee county until the spring of 1922. More than a year prior to their separation, appellee frequently cursed and abused appellant, called her vile names, said that he hated her and wished that he had never seen her, and was tempted to kill her, and struck her on numerous occasions. This appears not only from appellant's deposition, but from the deposition of Margaret Tribble, who lived near them and had an opportunity to observe appellee's treatment of appellant.

It is said in the brief that the divorce was refused because the chancellor had made it a rule not to grant divorces unless the parties had been separated for a year, and for the further reason that appellee was absent from home now and then during the period of his cruel and inhuman behavior. Under the statute a year's separation is not a condition precedent to the wife's right of divorce on the ground relied on. On the contrary, if she alleges and proves such ground of divorce, she is entitled to a divorce regardless of the period of separation, and the chancellor is without authority to add other conditions not required by the statute.

It is true that appellee was away from home now and then during the period of his cruel and inhuman behavior, but that is not material under the facts presented. The statute uses the word "habitually," and not the word, "continuously." "Habitually" means "in consequence of habit;" "customarily;" "by frequent practice or use." Therefore, if it was appellee's habit to treat appellant in a cruel and inhuman manner whenever he was at home and had an opportunity to do so, his misconduct

must be regarded as habitual within the meaning of the statute even though he left home occasionally and appellant was free from mistreatment during his absence. Any other view of the statute would put it in the power of the husband to act the brute while with his wife, and escape the consequences of his acts by an occasional trip away from home.

As the ground of divorce was clearly established by the evidence, it follows that the chancellor erred in deny ing the divorce.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion